524 A.2d 1041

Commonwealth of Pennsylvania, Bureau of Workers' Compensation, Petitioner *v.* Workmen's Compensation Appeal Board (Lukens Steel Company), Respondents.

Argued February 26, 1987, before Judges CRAIG and DOYLE, and Senior Judge BARBIERI, sitting as a panel of three.

*Paul Baker,* Assistant Counsel, with him, *Wanda A. Whare,* Assistant Counsel, for petitioner.

*Terry W. Knox,* with him, *Barbara Schneider Swinger, MacElree, Harvey, Gallagher, O'Donnell & Featherman, Ltd.,* for respondents.

OPINION BY SENIOR JUDGE BARBIERI, April 23, 1987:

In this workmen's compensation case, we are required to decide whether the Workmen's Compensation Supersedeas Fund (Fund), created pursuant to Section 443(b) of The Pennsylvania Workmen's Compensation Act (Act), 77 P.S. §999(b), must honor a claim by Lukens Steel Company (Employer) for weekly benefits paid Walter D. Arasin (Claimant) during the period of Claimant's default in failing to comply with an order of the Workmen's Compensation Appeal Board (Board) directing that Claimant submit to a medical examination under Section 314 of the Act, 77 P.S. §651.

The relevant facts and procedural steps in this case are not in issue. Claimant was injured on March 26, 1981, in the course of his employment with Employer. Weekly benefits were paid at the rate of $262.00. A petition for termination was filed by Employer on May 6, 1982, following the petition filed under Section 314 with the Board on April 19, 1982, requesting an order for a physical examination of Claimant, which order was entered by the Board on July 19, 1982. Thereafter, a date for the examination was fixed, July 28, 1982, which scheduled appointment was not kept by Claimant. A hearing on the Termination Petition was noticed for October 7, 1982, at which Claimant failed to appear, whereupon the referee terminated compensation "in accordance with Section 314 of the Workmen's Compensation Act."[1]

---

[1] The Board affirmed this basis for discontinuing payments, stating: "The referee terminated compensation in accordance with section 314 of the Workmen's Compensation Act."

On appeal, in an opinion under date of September 2, 1983, the Board amended the referee's termination order to one for suspension, stating:

> Section 314 states in part, 'The refusal or neglect without reasonable cause or excuse of the employe to submit to such examination ordered by the board, either before or after an agreement or award, shall deprive him of the right to compensation, under this article, during the continuance of such refusal or neglect.'
>
> We would normally affirm the decision of the referee based on facts before us, however, a termination petition still exists and has not been adjudicated. Therefore, the decision of the referee will be amended to a suspension of benefits as of July 28, 1982, rather than be terminated. The appeal by the claimant is dismissed. The claimant does have the option of availing himself to a physical examination outlined in this board's order, dated July 19, 1982.

Board Decision (9/2/83) at 2.

On or about November 26, 1982,[2] the Employer made application for Supersedeas Fund Reimbursement in the amount of $2,620.00, paid during the period from July 28, 1982 to October 5, 1982, which petition was granted by the referee in an opinion under date of May 17, 1984. On appeal to the Board by the Commonwealth acting on behalf of the fund,[3] the Board

---

[2] The Board, states November 18, 1982 in its opinion of April 4, 1986, as the date when the reimbursement petition was filed, whereas the Board's docket entries fix the date as November 26, 1982.

[3] Under Section 443(b), the Department of Labor and Industry (Department) is "charged with the maintenance and conservation of this Fund." *Commonwealth v. Workmen's Compensation Appeal Board (Commercial Union Ins. Co.)*, 97 Pa. Commonwealth Ct. 520, 510 A.2d 373 (1986).

in an opinion dated April 4, 1986, affirmed the referee, holding:

> Under the circumstances of this case, it is clear that the final outcome of these proceedings was this Board's Order dated September 2, 1983, suspending benefits under Section 314 of the Act unless and until Arasin submits to a medical exam. 'Final outcome of the proceedings' clearly means a final determination that the compensation paid was not due the Claimant. Whether that determination is as a ruling on the Petition to Terminate or an order under Section 314 is not material. Told [sic] hold otherwise would be to deprive Lukens of reimbursement for monies paid that were not due to the Claimant based upon a hypertechnical and unreasonable interpretation of Section 443.[4]

Board Decision (4/4/86) at 5.

We disagree with the Board's reading of the applicable sections of the Act and will reverse.

First of all, Section 443 does not provide a remedy for overpayment under Section 314. Section 314, containing its own remedy has existed and remained unchanged since the beginning of workmen's compensation laws in Pennsylvania,[5] whereas Section 443 is a product of the Legislature in its major changes in the 1970's. The Legislature left unchanged the relevant provisions of Section 314 as follows:

---

[4] In view of our conclusion, we do not reach or decide the question of whether or not a suspension of benefits under Section 443(a) constitutes a "final outcome of the proceedings" for purposes of recovery against the Fund, since our ruling is that overpayments under Section 314 are not reimbursable under Section 443(a) or (b).

[5] The relevant portion of Section 314, the last sentence, quoted in the opinion hereafter, has existed in its present form, reenacted without change, since the original Act was passed. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §651.

> The refusal or neglect, without reasonable cause or excuse, of the employe to submit to such examination ordered by the board, either before or after an agreement or award, shall deprive him of the right to compensation, under this article, during the continuance of such refusal or neglect, *and the period of such neglect or refusal shall be deducted from the period during which compensation would otherwise be payable.* (Emphasis added.)

Thus, the language of Section 314, too clear for contest, provides that the remedy for a claimant's default in compliance with an order for a physical examination gives the employer only the right to charge against future payments, if any, the period "during the continuance of such refusal or neglect" to comply with the order.

Furthermore, the application of Section 443, 77 P.S. §999, is strictly limited to procedures under two sections of the Act, not including Section 314, as follows:

> If, in any case in which a supersedeas has been requested and denied *under the provisions of section 413 or section 430,* payments of compensation are made as the result thereof and upon the final outcome of the proceedings, it is determined that such compensation was not, in fact, payable, the insurer who has made such payments shall be reimbursed therefor. (Emphasis added.)

In light of the foregoing, demonstrating the clear intent of the Legislature, the Board's conclusion that the remedy in Section 443 must be available to reimburse overpayments under Section 314 is plainly in error.

Although Employer requested a supersedeas in this case, there is no specific record demonstrating that the

request was ever acted upon, but, as indicated, the sole basis of the referee and the Board for reimbursement is the period of Claimant's disregard of an order under Section 314.[6]

Accordingly, since no supersedeas is provided for payments made following the default of an employee under Section 314, and, in any event, Section 443 is not applicable, but the remedy is solely under Section 314 to take credit against future payments, we must reverse the order of the Workmen's Compensation Appeal Board and deny the reimbursement requested by Employer.[7]

## ORDER

Now, April 23, 1987, the order of the Workmen's Compensation Appeal Board at No. A-88340, dated April 4, 1986, is hereby reversed.

---

[6] Nor do we have any finding indicating compliance by Employer with the conditions required by Section 314 that it pay "the reasonable traveling expenses and loss of wages incurred by the employe in order to submit himself to such examination."

The Board's order includes the following:

. . . . It is further ordered that the defendant bear the cost of transportation facilities for the claimant at the time of the examination and that the claimant be compensated for any loss of wages incurred by *him* as the result of submitting to such examination. (Emphasis the Board's.)

We have no record of any offer by Employer to comply with the Board's conditions.

[7] We have examined the case relied upon by the Board, *Commonwealth Dept. of Labor & Industry v. Workmen's Compensation Appeal Board (American Motors Insurance Co.)*, 74 Pa. Commonwealth Ct. 419, 460 A.2d 384 (1983) and find it inapplicable here, there being no issue in that case under Section 314; the issue there turned solely on the failure to request a supersedeas under Section 413.