586 A.2d 500

**INSURANCE COMPANY OF NORTH AMERICA, Petitioner,**

**v.**

**WORKMEN'S COMPENSATION APPEAL BOARD (KLINE AND PACKARD PRESS), Respondents.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 23, 1990.

Decided Jan. 28, 1991.

Petition for Allowance of Appeal Granted June 11, 1991.

David A. Pennington, with him, Sharolyn Murphy Henderson, Swartz, Campbell and Detweiler, Philadelphia, for petitioner.

Richard T. Kelley, Deputy Chief Counsel, Harrisburg, for respondents.

Before CRAIG and DOYLE, JJ., and BARRY, Senior Judge.

## OPINION

BARRY, Senior Judge.

The Insurance Company of North America (the insurer) appeals an order of the Workmen's Compensation Appeal Board (Board) which, by an equally divided vote, affirmed a decision of a referee denying the insurer's request for

reimbursement of overpayments of medical expenses made in behalf of Gail Kline (the claimant in this case).

The insurer was paying both wage loss benefits and medical expenses of the claimant pursuant to a notice of compensation payable after she had injured her back at work. Sometime later after examining the claimant and believing that she had recovered, the employer and the insurer filed a petition for suspension or modification, alleging therein that the claimant was able to return to work. In connection with that petition, the employer and the insurer requested a supersedeas to allow the cessation of all benefits. That request was denied. Hearings were held on the insurer's petition to suspend or modify.[1] Both sides presented medical evidence and the referee chose to believe the insurer's experts who testified that the claimant was no longer suffering from any work related injuries. The referee concluded that "on or after April 12, 1982, the medical and hospital care provided to the claimant to treat the work related injury was neither necessary nor reasonable." (Conclusion of law No. 2, Referee's decision, 10/22/86).

The insurer then filed a request for reimbursement from the Supersedeas Fund[2], seeking to be repaid $21,656.93 in wage loss benefits and $23,286.72 in medical expenses paid after April 12, 1982. The referee permitted recovery of the wage loss benefits; for reasons other than those involved here, the referee denied reimbursement of medical expenses. The insurer then sought review from the Board, which split three-three on the issue. Being equally divided, the order of the referee was affirmed. The insurer has now appealed to us.

■ The issue, like the facts, is not complicated. Does "compensation" in Section 443 of the Act include medical expenses? That section provides:

1. During the period between the denial of the supersedeas request and the referee's decision on the insurer's petition to suspend or modify, the claimant received medical treatments for which the insurer paid.

2. The Supersedeas Fund was established in Section 443 of The Pennsylvania Workmen's Compensation Act (the Act), Act of June 2, 1915, P.L. 736, added by the Act of February 8, 1972, P.L. 25, *as amended,* 77 P.S. § 999 (Supp.1990–91).

(a) If, in any case in which a supersedeas has been requested and denied under the provisions of section 413 or section 430, payments of compensation are made as a result thereof and upon final outcome of the proceedings, it is determined that such compensation was not, in fact, payable, the insurer who has made such payments shall be reimbursed therefor.

77 P.S. § 999. The insurer argues that compensation includes both medical expenses and wage loss benefits while the Department of Labor and Industry, representing the Fund, espouses the view that compensation does not include medical expenses.

We note initially that this precise question is one of first impression. At first blush, the existing case law in related areas seems capable of supporting either result. Shortly after the first world war, the Supreme Court held that compensation did not include medical expenses. *Paolis v. Tower Hill Connellsville Coke Co.*, 265 Pa. 291, 108 A. 638 (1919).

The Superior Court later held that *Paolis* was not dispositive and held that the meaning of the term compensation vis a vis medical expenses depended on the section of the Act where that term was being used. *Haley to Use of Martin v. Matthews*, 104 Pa.Superior Ct. 313, 158 A. 645 (1932). Despite paying lip service to *Paolis*, the court concluded that for purposes of Section 319 (dealing with subrogation) compensation included medical expenses. In *Haley*, an insurer was asserting its subrogation rights against a third party tortfeasor. The trial court, relying upon *Paolis*, held that compensation did not include medical expenses, but the Superior Court reversed, explaining:

The legislature evidently intended that, where a third person is responsible for an injury to the employee the employer, who has been subrogated to the employee's right, is substituted, not to a portion of, but to all, his rights, until he is reimbursed for whatever sums he was required to pay the employee under the Compensation Act. *There appears to be no sound reason why an*

*employer should be obliged to pay medical and hospital expenses, when he is in no way responsible for the injury, and the wrongdoer escape the liability therefor. The wrongdoer would thus profit at the expense of the employer.* In an action at law, the wrongdoer would undoubtedly be liable for medical and hospital expenses; they are proper elements of damages. We are dealing with an equitable doctrine. It rests on the principle that, if one is compelled to pay money through another's neglect, a recovery may be had.

*Haley*, 104 Pa.Superior Ct. at 316–17, 158 A. at 646 (emphasis added).

We recognize that there are significant differences between our case and Haley. Subrogation has always been an equitable principle; the fund, a creature of statute, cannot claim such historical underpinnings. Furthermore, in the present case, there is no wrongdoer equivalent to the third party tortfeasor; there is a claimant who has received something to which she was not entitled. We nonetheless believe that *Haley* is important in that it shows that a common sense approach must be taken in these questions of statutory interpretation.

We recognize one glaring instance in which the Legislature has differentiated between medical expenses and wage loss benefits. Section 306(f) of the Act,[3] 77 P.S. § 531, deals specifically with the question of medical expenses. This section has been amended a number of times since the Act's original enactment. We recently discussed in detail the history of this section. See *Fuhrman v. Workmen's Compensation Appeal Board (Clemens Supermarket)*, 100 Pa.Commonwealth Ct. 577, 515 A.2d 331 (1986). For our present purposes, the most recent amendment must be considered. The Act of July 1, 1978, P.L. 692, rewrote the section and included the following: "The payment by an insurer for any medical, surgical or hospital services or supplies after any statute of limitations provided for in this

---

3. This section was originally enacted as Section 306(e) but was renumbered in its present form by the Act of June 21, 1939, P.L. 520.

act shall have expired shall not reopen or review the compensation rights for purposes of such limitations." 77 P.S. § 531(5) (Supp.1990–91). As Judge Doyle explained in *Fuhrman,* the amendments to this section have been made to permit a claimant to recover for medical expenses from a work related injury no matter when those expenses are incurred, with the burden presently on the employer to prove that medical expenses incurred are either unnecessary or unreasonable. *Id.*

We fail to see any particular relevance in the Legislature's amendment in Section 306(f) to the present controversy. The distinction there is intended to codify the recognition that an *injured worker* is entitled to payment for medical expenses from a work related injury, even where that injury is no longer "disabling" within the meaning of the Act. In the present case, there are simply no rights of an injured worker which are involved; the present case involves only the question of an insurer's right to reimbursement from the Supersedeas Fund of non-work related medical expenses for which it was required to pay after its request for a supersedeas had been denied. We can perceive no valid reason for holding that an insurer can recover work loss benefits but cannot recover medical expenses when it is ultimately decided that neither should have been paid. This conclusion is buttressed by the fact that the Supersedeas Fund consists solely of payments made by insurers and self-insurers within the Commonwealth. Furthermore, the assessments by which the insurers and self insurers provide money for the Supersedeas Fund, the Subsequent Injury Fund and the Administration Fund are based, in part, upon medical expenses.[4] In fact, dicta from this Court state that the insurer is entitled to reimbursement of both wage loss benefits and medical expenses. *Glinka v. Workmen's Compensation Appeal Board (Sears Roebuck & Co.),* 104 Pa.Commonwealth Ct. 175, 521 A.2d 503 (1987).

4. See Form LIBC 680, attached as an exhibit hereto.

■ The primary reason relied upon by those commissioners of the Board who believed that medical expenses were not recoverable from the Supersedeas Fund was that the Bureau of Workmen's Compensation has interpreted the Act in such a manner. We have stated that interpretations of a statute of an administrative agency charged with its administration are entitled to great weight. *Boeing Vertol Co. v. Workmen's Compensation Appeal Board (Coles)*, 107 Pa.Commonwealth Ct. 388, 528 A.2d 1020 (1987). We have also stated that the administrative interpretation may be disregarded if the interpretation is clearly incorrect. *Chappell v. Pennsylvania Public Utility Commission*, 57 Pa.Commonwealth Ct. 17, 425 A.2d 873 (1981). As our discussion here shows, there is no justification for the administrative interpretation in this case; hence, we believe it to be clearly erroneous.

In summation, the employer here filed a petition to modify a notice of compensation payable pursuant to Section 413 of the Act and at the same time sought a supersedeas pursuant to Section 443. The request for a supersedeas was denied and the employer and its insurer continued to make payments, even though it was ultimately decided that the claimant was not entitled to those payments. The insurer then sought reimbursement of those payments from the Supersedeas Fund. In our view, it was entitled to be reimbursed for both the wage loss benefits and the medical expenses. Because the Board's order had the effect of denying reimbursement of medical expenses, we must reverse that order.

Reversed.

DOYLE, J., filed a dissenting opinion.

## ORDER

NOW, January 28, 1991, the order of the Workmen's Compensation Appeal Board, dated September 14, 1989, at No. A–95917 is reversed.

400

# EXHIBIT

COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF LABOR AND INDUSTRY
BUREAU OF WORKERS' COMPENSATION
3607 DERRY STREET
HARRISBURG, PA 17111
(717) 783-5493

### ANNUAL REPORT OF COMPENSATION PAID
### IN CALENDAR YEAR 19

The Pennsylvania Workmen's Compensation Act provides for the annual assessment of all insurers (both insurance carriers and self-insured employers) for the maintenance of the following funds:

Subsequent Injury Fund      Supersedeas Fund      Administration Fund
(Section 306.2)      (Section 443)      (Section 446)

This assessment is based upon the ratio of each insurer's compensation paid in a calendar year to the total compensation paid by all insurers. ACCURATE REPORTING IS ESSENTIAL. PAID COMPENSATION REPORTED BELOW CANNOT BE CHANGED ONCE THE ASSESSMENTS HAVE BEEN CALCULATED.

Compensation paid for the purpose of these assessments shall be all compensation under the Pennsylvania Workmen's Compensation Act actually paid in the calendar year 1988 regardless of when the injury or disease occurred. It must include death benefits (and funeral expenses), all disability benefits (temporary or permanent, total or partial) as well as medical expenses of all descriptions.

An assessment notice will be sent for the Subsequent Injury and Supersedeas Funds by June 30, 1989. The assessment notice for the Administration Fund will be sent by November 30, 1989.

Please complete the following information and return in the enclosed envelope no later than April 15, 1989.

Self-insured subsidiaries are assessed individually; information must be submitted for each separately.

---

| CALENDAR YEAR | (Dollars Only) |
|---|---|
| Total Death Compensation Paid........................ | $ _____ |
| Total of All Disability Compensation Paid .............. | $ _____ |
| Total Medical Compensation Paid..................... | $ _____ |
| TOTAL COMPENSATION PAID ................. | $ _____ |

_____      _____
SIGNATURE OF OFFICER      TITLE

(THIS STATEMENT MUST BE SIGNED BY AN OFFICER OF THE SELF-INSURER AND ATTESTED TO.)

State of _____ )
                 ss:
County of _____ )

Before me, the undersigned, personally appeared _____, who being duly sworn, declared that the information set forth above is based on an examination of all records pertaining thereto and is true to the best of his/her knowledge, information, and belief, respectively.

Subscribed and sworn to before me, this _____ day of _____ 19_____.

(SEAL)      _____
                            SIGNATURE

My commission expires on the _____ day of _____ 19_____.

DOYLE, Judge, dissenting.

I respectfully dissent. Section 306(f)(2)(ii) of The Pennsylvania Workmen's Compensation Act (Act) Act of June 2, 1915 P.L. 736, *as amended*, 77 P.S. § 531(2)(ii), provides:

> The employer shall have the right to petition the department for review of the necessity or frequency of treatment or reasonableness of fees for services provided by a physician or other duly licensed practitioner of the healing arts. *Such a petition shall in no event act as a supersedeas*, and during the pendency of any such petition the employer shall pay all medical bills if the physician or other practitioner of the healing arts files a report or reports as required by subparagraph (I) of paragraph (2) of this subsection. (Emphasis added.)

Certainly the language could not be more clear that the filing of the petition itself does not create an automatic supersedeas. We must, however, decide whether it authorizes a discretionary supersedeas because Section 443 of the Act, 77 P.S. § 999,[1] which deals with reimbursement from the Supersedeas Fund (Fund), limits such reimbursement for "payments of compensation" to cases where "a supersedeas has been requested and denied under the provisions of Section 413 or Section 430 of the Act." If a supersedeas cannot be granted, there can be no recovery from the fund.

Section 413, 77 P.S. §§ 771–774.2,[2] pertains to review/modification or setting aside an agreement for fraud; modification due to a change in disability; amendment of petitions; the effect of a petition to terminate or modify an agreement; the effect of an employer's improper suspension, decrease or termination of compensation benefits; and the right of an employer to suspend compensation where the employee has returned to work at previous or increased earnings and a petition to terminate or modify has been filed.

---

1. Section 443 was added by Section 3 of the Act of February 8, 1972, P.L. 25 (Act 12).

2. Sections 774.1 and 774.2 were added by Sections 3 and 2 respectively of Act 12.

Section 430 of the Act, 77 P.S. § 971, pertains to the effect of an appeal on a lien of judgment.

Neither Section 413 nor Section 430, therefore, even remotely concerns a petition challenging the reasonableness of medical expenses. *Accord Bureau of Workers' Compensation v. Workmen's Compensation Appeal Board (Lukens Steel Co.)*, 105 Pa.Commonwealth Ct. 421, 524 A.2d 1041 (1987) (holding that the application of Section 443 is strictly limited to procedures under Section 413 and 430 of the Act and, hence is inapplicable to Section 314 of the Act, 77 P.S. § 651, pertaining to an employer's right of reimbursement after a claimant refuses to comply with a Board order for a physical examination).

Just as in *Lukens Steel Co.*, dealing with Section 314, Section 306(f)(2)(ii) of the Act provides its own remedy by allowing the employer to petition the Department of Labor and Industry for review of the reasonableness of medical expenses without resort to the procedure established under Sections 413 or 430. Nowhere in Section 306(f) is reimbursement from the Supersedeas Fund or anywhere else provided for, specifically because "during the pendency of any such petition the employer shall pay all medical bills if the physician or other practitioner of the healing arts files a report as required by subparagraph I...." Section 306(f)(2)(ii). And, failure to pay such medical expenses is a clear violation of the Act. *Glinka v. Workmen's Compensation Appeal Board (Sears, Roebuck & Co.)*, 104 Pa.Commonwealth Ct. 175, 521 A.2d 503, *appeal denied*, 516 Pa. 644, 533 A.2d 714 (1987); *Johnson v. Workmen's Compensation Appeal Board (Albert Einstein Medical Center)*, 137 Pa.Commonwealth Ct. 176, 586 A.2d 991 (1991).

Reimbursement from the Supersedeas Fund is statutorily limited to "compensation" paid out. The word compensation is not specifically defined in the Act and we held in *Fuhrman v. Workmen's Compensation Appeal Board (Clemens Supermarket)*, 100 Pa.Commonwealth Ct. 577, 515 A.2d 331 (1986), that a determination of what compensation means must be made on a section by section basis. We

further held in *Fuhrman* that "compensation" as that term is used in Section 434 of the Act, 77 P.S. § 1001, (establishing a three-year statute of limitations for setting aside a final receipt) was *not* applicable to medical expenses under Section 306(f). Moreover, and of critical importance, is that in *Fuhrman* we specifically rejected the rationale of *Chabotar v. S. Klein Department Store*, 26 Pa.Commonwealth Ct. 572, 364 A.2d 970 (1976), where we had previously held that the then two-year statute of limitations under Section 413 *was* incorporated into Section 306(f). In rejecting the notion that the present three-year statute of limitations in Section 413 is applicable to Section 306(f) medical expenses, we stated:

> Applying the logic of *Chabotar* would result in the incorporation of both Section 413 and Section 434 into Section 306(f). We decline to perpetuate this interpretation, because we believe that widespread changes by amendments to the Act in 1972 and 1978 altered the meaning of Section 306(f).

*Fuhrman*, 100 Pa.Commonwealth Ct. at 584, 515 A.2d at 334. And, in discussing Section 306(f)(5), we further wrote:

> this section ... must presuppose the payment of medical expenses after the expiration of a statute of limitations, *and thus separates the concept of 'medical expenses' from the concept of 'compensation.'*

*Id.,* 100 Pa.Commonwealth Ct. at 585, 515 A.2d at 334 (emphasis deleted; emphasis added).

What the majority's holding would now do by its determination that "compensation" includes "medical expenses," which under Section 443 can only be accomplished "under the provisions of Section 413 or Section 430," is to reapply Section 413 to Section 306(f); something we absolutely eschewed in *Fuhrman*. In the instant case, the "compensation" referred to in Section 443 is that, and only that, which is incorporated under Sections 413 and 430, and, as above outlined, those Sections do not pertain to medical expenses. Accordingly, one is driven to conclude that reimbursement for medical expenses later judicially determined to be unrea-

sonable or unnecessary cannot be recouped from the Supersedeas Fund. And, because of this conclusion, it follows logically that a discretionary supersedeas for such expenses cannot be obtained under the Act. I note that the majority in *ADIA Personnel Agency v. Workmen's Compensation Appeal Board*, 137 Pa.Commonwealth Ct. 405, 586 A.2d 507 (1991), has come to the same conclusion that "no section within the Act authorizes a discretionary supersedeas as to payment of medical expenses" (p. 508).

The "valid reason" sought by the majority here (p. 502) as to why an insurer cannot recover medical expenses from the Supersedeas Fund when work loss benefits can be recovered, succinctly stated, is that the Legislature simply did not so provide and it is not our prerogative to dictate otherwise. Economic and government policy such as that should remain with the Legislature.[3]

Because of my disposition of the first issue, it is necessary for me to reach the constitutional question. For the reasons stated in my concurring opinion in *ADIA*, I do not believe a constitutional violation exists.

___

3. The brief of the respondent, Commonwealth of Pennsylvania, Department of Labor and Industry, as conservator of the Supersedeas Fund, contains two policy arguments against allowing unreasonable medical costs to be recouped from the Fund; first, it would increase the cost of operating a business in Pennsylvania for all employers, and second, employers, knowing that the Fund would be available to recoup any unreasonable medical costs, would be far less vigilant in contesting medical treatment and costs believed to be either unnecessary or exorbitant.