617 A.2d 860

LAUNDRY OWNERS MUTUAL LIABILITY INS. ASSOC.
(STOP–N–GO FOOD STORES), Petitioner,

v.

WORKMEN'S COMPENSATION APPEAL BOARD
(Barbara HERPAK), Respondent.

Commonwealth Court of Pennsylvania.

Argued Sept. 17, 1992.

Decided Nov. 19, 1992.

Brian Lenahan, for petitioner.

Michael R. Hetrick, Asst. Counsel, for respondent.

Before SMITH, and KELLEY, JJ., and BARRY, Senior Judge.

BARRY, Senior Judge.

This is a case of first impression for this Court which raises the question of whether any provision of The Pennsylvania Workmen's Compensation Act [1] (the Act) entitles an insurer to interest on compensation payments reimbursed from the Supersedeas Fund (the Fund).

Barbara Herpak filed a claim petition which alleges that she was disabled from injuries she received in an auto accident when she worked for Stop–N–Go Food Stores. The referee ordered Stop–N–Go and its insurer (the Insurer) to pay compensation for total disability. The Workmen's Compensation Appeal Board (the Board) affirmed and the Insurer filed an appeal with Commonwealth Court. Both the Board and the Court denied the Insurer's requests for supersedeas. We reversed the Board's order because we concluded that Herpak was not in the scope of her employment when she was injured. The Supreme Court affirmed. *Stop–N–Go Food Stores v. Workmen's Compensation Appeal Board (Herpak)*, 521 Pa. 481, 555 A.2d 1293 (1989). The Insurer filed an application for reimbursement of compensation payments, medical bills and interest on payments made pending the final outcome of the case from the Fund. The referee granted only reimbursement for compensation payments. The Insurer appealed, claiming an entitlement to reimbursement for medical bills which were found to be unreasonable, unnecessary or unrelated to the work injury. It also claimed interest on the compensation payments and the medical bills. The Board affirmed the portion of the referee's decision denying interest on the reimbursement but reversed the referee's decision and awarded reimbursement for the medical bills because of our decision in *Insurance Company of North America v. Workmen's Compensation Appeal Board (Kline and Packard Press)*, 137 Pa.Commonwealth Ct. 393, 586 A.2d 500 (1991). The Insurer filed an immediate appeal.

The Insurer claims a right to accrual of interest on reimbursements of compensation payments from the Fund

1. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 1, et seq.

because it has lost the use of funds when it paid claimant's compensation benefits pending the final outcome of the procedure. Furthermore, the Insurer asserts that to grant accrual of interest we need do no more than extend to insurers the reasoning we have applied to claimants. It has been consistently recognized that any right to charge interest is a privilege granted by statute and subject to legislative control. *Equitable Credit & Discount Co. v. Geier*, 342 Pa. 445, 21 A.2d 53 (1941); *Weiner v. Bank of King of Prussia*, 358 F.Supp. 684 (1973). The Insurer contends that accrual of interest is statutorily provided in the Act because the Act does not prohibit the payment of interest on reimbursed funds to insurers and Section 406.1 of the Act and Section 443 of the Act, when read together, permit an award of interest. The Insurer reasons that because we have held that Section 406.1 interest is additional compensation to claimants, *Frymiare v. Workmen's Compensation Appeal Board (D. Pileggi & Sons)*, 105 Pa.Commonwealth Ct. 325, 524 A.2d 1016 (1987), we should conclude that interest is additional compensation to insurers also. We do not agree.

The Insurer claims that Section 406.1 of the Act authorizes the payment of ten percent interest on all back awards of compensation benefits. Section 406.1 provides in part:

Prompt payment of compensation; interest; credit for excess payment; controversion

The employer and insurer shall promptly investigate each injury reported or known to the employer and shall proceed promptly to commence the payment of compensation due either pursuant to an agreement upon the compensation payable or a notice of compensation payable as provided in section 407 [77 P.S. § 731], on forms prescribed by the department and furnished by the insurer. The first installment of compensation shall be paid not later than the twenty-first day after the employer has notice or knowledge of the employe's disability. *Interest shall accrue on all due and unpaid compensation at the rate of ten per centum per annum.*

77 P.S. § 717.1 (emphasis added). To interpret this section as a general authorization of interest charges on *all* back awards of compensation stretches the bounds of imagination as well as the rules of statutory construction. The clear language of Section 406.1 indicates a legislative intent to require prompt acceptance or denial of compensation liability for worker's injuries. *See Mosgo v. Workmen's Compensation Appeal Board (Tri–Area Beverage, Inc.),* 84 Pa.Commonwealth Ct. 316, 480 A.2d 1285 (1984); *Department of Labor and Industry v. Workmen's Compensation Appeal Board,* 47 Pa.Commonwealth Ct. 108, 407 A.2d 139 (1979). Moreover, we have held that Section 406.1 interest is additional compensation awarded to an employee when insurer's payment has been delayed beyond twenty-one days. *Becerra v. Workmen's Compensation Appeal Board (Leaseway Systems),* 137 Pa.Commonwealth Ct. 362, 586 A.2d 485 (1991); *Lastoka v. Workmen's Compensation Appeal Board,* 51 Pa.Commonwealth Ct. 310, 413 A.2d 481 (1980). We can reach only one conclusion, that the legislature *specifically authorized* the payment of interest to a *claimant* where commencement of compensation payments is delayed. Nothing in Section 406.1 indicates a legislative intent to authorize payments of interest to an insurer.

The Fund is established as specifically in the State Treasury, maintained separate and apart from all other funds, the purpose of which "shall be to provide moneys for payments pursuant to subsection (a)." 77 P.S. § 999(b). Section 443(a) of the Act provides:

(a) If, in any case in which a supersedeas has been requested and denied under the provisions of section 413 or section 430, [77 P.S. §§ 771 to 774.1 and 971] payments of compensation are made as a result thereof and upon the final outcome of the proceedings, it is determined that such compensation was not, in fact, payable, the insurer who has made such payments shall be reimbursed therefor.

77 P.S. § 999(a). The critical language in Section 443(a) is "the insurer who has made such payments shall be reimbursed therefor". "Reimburse" is defined "to pay back, to make restoration, to repay that expended...." *Black's Law Dictio-*

*nary,* 1157 (5th Ed.1979). Section 443(a) of the Act authorizes the return to the insurer of payments actually made to the claimant which it is determined were *not* payable, but nothing more. As we have seen from our analysis of Section 406.1 of the Act, the legislature has awarded the accrual of interest on payments due a claimant. If the legislature wanted to extend the same right to an insurer for reimbursements from the Fund it could have easily done so. The legislature by its silence has chosen to prohibit the payment of interest on reimbursed compensation from the Fund.

The Insurer puts forth an argument that it was deprived of the ability to invest these funds to earn interest and that neither the Fund nor the Commonwealth would be burdened by a decision in its favor because the Fund assessments could be increased to cover the award. That may well be true but the Insurer does not offer any statutory basis upon which we could fashion a decision in its favor. Moreover, the Insurer contends that we can authorize the payment of interest to insurers the same way we decided that medical expenses were compensation in *Insurance Company of North America.* We do not agree. It is the job of this Court to *interpret* the laws enacted by the legislature and to do anything more is a breach of our responsibility. In *Insurance Company of North America* this Court *interpreted* the wording of the statute and concluded that compensation includes the payment of medical bills. In this case, Insurer asks us not to interpret but to create a right. Only the legislature can authorize the payment of interest and it has not done so here. Although we find the Insurer's policy arguments quite reasonable, we cannot grant what Insurer seeks. The decision of the Board is affirmed.

## ORDER

NOW, November 19, 1992, the order of the Workmen's Compensation Appeal Board, dated November 22, 1991, at A90–2614, is affirmed.

KELLEY, Judge, dissenting.

I respectfully disagree with the majority in their conclusion that interest is not justifiably part of reimbursement to the employers from the Supersedeas Fund.

The majority writes from the restrictive premise of looking for specific language in the Act, which requires the inclusion of interest for disbursement of payments from the Supersedeas Fund. I believe such a beginning point ignores the long standing and, I believe, universally accepted standard that the Act is to be interpreted liberally.

We have exercised a liberal construction of the Act in a number of instances. Travel expenses for essential medical care has been construed to be within the spirit of the Act, even though there is no specific language that refers to the same.[1] *See Roadway Express, Inc. v. Workmen's Compensation Appeal Board (Ostir)*, 104 Pa.Commonwealth Ct. 7, 520 A.2d 1261 (1987) (travel expenses reimbursed when claimant sent to a New York pain clinic because his physicians could not provide relief for the recurrent pain he suffered as a result of his work-related injury); and *City of New Castle v. Workmen's Compensation Appeal Board*, 65 Pa.Commonwealth Ct. 25, 441 A.2d 803 (1982) (travel expenses reimbursed when claimant sent to a Texas hospital to undergo by-pass surgery as a result of his work-related heart attack).

The requirement of liberal construction of the Act should not be restricted only to benefits provided claimants, but likewise for those reimbursements from the Supersedeas Fund. Traditional equitable principles would require that this fund be subject to interest payments as well. Interest on monies paid to reimburse are certainly equal, if not more essentially related than travel expenses for medical treatment.

I would, therefore, reverse.

---

1. Section 306(f)(1) of the Act provides for reasonable surgical and medical services, services rendered by duly licensed practitioners of the healing arts, medicines, and supplies, as and when needed: ...