# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Erie Insurance Company and :
Powell Mechanical, Inc., :
     Petitioners :
       :
     v. : No. 20 C.D. 2018
       : Submitted: July 27, 2018
Workers' Compensation Appeal :
Board (Commonwealth of :
Pennsylvania, Department of :
Labor and Industry, Bureau of :
Workers' Compensation), :
     Respondent :


BEFORE: HONORABLE P. KEVIN BROBSON, Judge
    HONORABLE PATRICIA A. McCULLOUGH, Judge
    HONORABLE MICHAEL H. WOJCIK, Judge


OPINION BY JUDGE BROBSON  FILED:  February 21, 2019


    Petitioners Erie Insurance Company and Powell Mechanical, Inc. (collectively, Employer) petition for review of an order of the Workers' Compensation Appeal Board (Board), dated December 6, 2017.  The Board reversed an order of Workers' Compensation Judge Eric Jones (WCJ Jones), which granted Employer's Application for Supersedeas Fund Reimbursement (Application).  We now affirm.

    Robert Braithwaite (Claimant) worked for Employer as a Steam Fitter. (Reproduced Record (R.R.) at 20a.)  On April 11, 2003, Claimant was injured in a vehicular accident while allegedly on his way home from delivering equipment for Employer.  (*Id*. at 22a.)  Employer accepted liability for Claimant's work-related

injury by issuing a notice of temporary compensation payable, which was subsequently converted to a notice of compensation payable by operation of law. (*Id*.) Employer, however, unilaterally stopped paying for Claimant's medical expenses "sometime around September of 2003" after Employer became aware that Claimant may have been intoxicated at the time of the vehicular accident. (*Id*. at 23a.) Specifically, Employer discovered that Claimant, after delivering Employer's equipment, went to a bar where he drank a number of beers. (*Id*. at 22a.) After Claimant left the bar, he became involved in the subject vehicular accident and was charged with driving under the influence. (*Id*.) Within the same time frame that Employer ceased paying Claimant's medical expenses, Employer also filed review and termination petitions, alleging that Claimant was intoxicated at the time of the accident and, therefore, was not entitled to workers' compensation benefits. (*Id*. at 19a.) Employer included a request for supersedeas in its petitions. (Certified Record (C.R.), Item No. 11.) Claimant then filed a penalty petition,[1] alleging that Employer failed to pay for his medical expenses in violation of the Workers' Compensation Act (Act).[2] (R.R. at 19a.)

On March 8, 2004, Workers' Compensation Judge Charles P. Lawton (WCJ Lawton) issued an interlocutory order granting Employer's request for supersedeas.[3] (C.R., Item No. 12.) Thereafter, on June 30, 2008, WCJ Lawton

---

[1] Claimant also filed a review petition seeking specific loss benefits as a result of an alleged disfigurement from the accident. Claimant's review petition is not relevant to this appeal, and, therefore, we will not address it in further detail.

[2] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4, 2501-2708.

[3] Generally, an employer or insurer may seek reimbursement under Section 443 of the Act, *as amended*, added by the Act of February 8, 1972, P.L. 25, 77 P.S. § 999, from the Workers' Compensation Supersedeas Fund (Fund) for any overpayment of wage-loss compensation and medical expenses ultimately determined to be ineligible for payment. *Ins. Co. of N. Am. v.*

entered a decision and order granting Employer's termination and review petitions and setting aside the notice of compensation payable but also granting Claimant's penalty petition. (R.R. at 19a-30a.) As to Employer's termination and review petitions, WCJ Lawton found that Claimant was not entitled to workers' compensation benefits because his injury was not sustained during the course and scope of his employment. (*Id*. at 28a.) According to WCJ Lawton, but for Claimant's intoxication while operating a motor vehicle, Claimant would not have been involved in the accident or sustained the resulting injuries. (*Id*.) As to Claimant's penalty petition, WCJ Lawton also found that Employer improperly withheld payments for Claimant's medical expenses, because "[o]nce the notice of compensation payable was issued, [E]mployer was under an obligation to pay medical bills until a final order of a [WCJ] relieving it of this obligation was issued or until a final receipt was executed." (*Id*.) As a result, WCJ Lawton ordered Employer to pay all of Claimant's unpaid medical bills from the date Employer issued the notice of compensation payable through the date WCJ Lawton issued his decision. (*Id.*) Claimant and Employer appealed WCJ Lawton's decision and order to the Board, which affirmed for the same reasons WCJ Lawton discussed in his decision and order. (C.R., Item No. 15.) Claimant then appealed the Board's

---

*Workmen's Comp. Appeal Bd. (Kline & Packard Press)*, 586 A.2d 500, 501-03 (Pa. Cmwlth. 1991), *aff'd*, 619 A.2d 1356 (Pa. 1993). Notwithstanding the availability of reimbursement from the Fund, in *ADIA Personnel Agency v. Workmen's Compensation Appeal Board (Coleman)*, 586 A.2d 507 (Pa. Cmwlth.), *appeal denied*, 597 A.2d 1154 (Pa. 1991), we recognized that permitting a WCJ to grant an employer's supersedeas request with respect to medical expenses prior to an adjudication could detrimentally affect a claimant's right to receive immediate medical care, and we held that "no section within the Act authorizes a discretionary supersedeas as to payment of medical expenses." *ADIA Pers. Agency*, 586 A.2d at 508. WCJ Lawton's interlocutory order, therefore, could only grant Employer's supersedeas request concerning wage-loss benefits.

3

decision to this Court. (C.R., Item No. 16.) In a memorandum opinion, we affirmed WCJ Lawton's decision.[4] (*Id*.)

Subsequently, on March 1, 2012, Employer filed its Application seeking reimbursement from the Fund for an overpayment of wage-loss benefits and medical expenses. (C.R., Item No. 17.) By decision and order dated January 13, 2016, WCJ Jones granted Employer's Application. (R.R. at 7a.) In so doing, WCJ Jones reasoned that, even though Employer failed to make wage-loss and medical expense payments while the notice of compensation payable was in effect, to deny Employer's Application "only compounds the error that it never should have been liable for wage-loss and medical benefits, since the notice of compensation payable was set aside." (*Id*. at 5a.) The Bureau of Workers' Compensation (Bureau) appealed WCJ Jones's decision—only with respect to the reimbursement of medical expenses—to the Board, which reversed. (*Id*. at 11a.) In so doing, the Board reasoned that WCJ Lawton had no authority to grant supersedeas for medical expenses under the Act, and, therefore, his supersedeas order, while silent on the issue, effectively denied supersedeas with respect to the payment of Claimant's medical bills. (*Id*. at 13a.) The Board further reasoned that, as a result of the implied denial of supersedeas, Employer remained liable for the payment of medical expenses. (*Id.*) The Board also reasoned that Employer's payment of Claimant's medical expenses following WCJ Lawton's decision was not due to the denial of supersedeas, but rather, to its failure to pay for Claimant's medical expenses during the pendency of this litigation. (*Id*.) In other words, Employer paid Claimant's medical expenses in this case because it was ordered to do so by WCJ

---

[4] *Braithwaite v. Workers' Comp. Appeal Bd. (D. Powell, Inc.)* (Pa. Cmwlth., No. 1301 C.D. 2011, filed Dec. 9, 2011).

4

Lawton's order granting Claimant's penalty petition, not because WCJ Lawton denied its request for supersedeas. (*Id*. at 12a-13a.) For these reasons, the Board concluded that WCJ Jones erred in granting Employer's Application with respect to the reimbursement of medical benefits. (*Id*. at 13a.) Employer now petitions this Court for review.

On appeal,[5] Employer essentially argues that the Board erred by reversing WCJ Jones's order with respect to the reimbursement of medical expenses, because Employer paid Claimant's medical expenses as a result of what Employer characterizes as WCJ Lawton's denial of supersedeas.[6] Specifically, Employer takes the position that, because a WCJ may grant supersedeas only as to wage-loss benefits and not as to medical expenses, WCJ Lawton's interlocutory order granting supersedeas only applied to wage-loss benefits and, therefore, the order impliedly denied Employer's supersedeas request as it related to medical expenses. Employer maintains that it paid Claimant's medical expenses because of WCJ Lawton's denial of supersedeas (not because of WCJ Lawton's grant of the penalty petition), and Employer focuses on the implied denial of supersedeas for medical expenses as the basis for reimbursement from the Fund under Section 443(a) of the Act. Employer further maintains that it is irrelevant under Section 443(a) of the Act whether it paid the medical expenses prior to or after WCJ Lawton's interlocutory order granting Claimant's penalty petition. Employer argues that WCJ Lawton's ruling on

---

[5] This Court's review is limited to a determination of whether an error of law was committed, whether necessary findings of fact are supported by substantial evidence, or whether constitutional rights were violated. *Vinglinsky v. Workmen's Comp. Appeal Bd. (Penn Installation)*, 589 A.2d 291, 293 (Pa. Cmwlth. 1991).

[6] Employer has divided its argument into three separate, but related, issues. In order to avoid repetition and for the sake of clarity, we have condensed Employer's arguments into one argument.

5

Claimant's penalty petition did not create a legal obligation for Employer to pay for Claimant's medical expenses in light of the implied denial of supersedeas. In response, the Bureau argues that the Board properly reversed WCJ Jones's decision and order with respect to the reimbursement of Claimant's medical expenses because Employer's payment of such medical expenses was prompted by WCJ Lawton's order granting Claimant's penalty petition, not by the prior denial of supersedeas. Both parties appear to focus on the reason for the payment of medical expenses; nevertheless, it is Employer's cessation of the payment of medical expenses in violation of the Act that is dispositive of the outcome in this matter.

The General Assembly created the Fund for the purpose of reimbursing, under prescribed circumstances, an employer that has been ordered to pay workers' compensation benefits that are later determined not to be owed. In so doing, "[t]he Legislature recognized that recoupment from the claimant was impractical and would undermine the benevolent purpose of the Act." *Bureau of Workers' Comp. v. Workmen's Comp. Appeal Bd. (Allstate Ins. Co.)*, 508 A.2d 388, 390 (Pa. Cmwlth. 1986), *appeal denied*, 522 A.2d 560 (Pa. 1987). The "Fund injects fairness into a system that requires an employer to pay disputed benefits while they are appealed." *Dep't of Labor & Indus. v. Workers' Comp. Appeal Bd. (US Food Serv.)*, 932 A.2d 309, 312 (Pa. Cmwlth. 2007).

With regard to reimbursement, Section 443(a) of the Act provides, in relevant part:

> If, in any case in which a supersedeas has been requested and denied under the provisions of section 413[7] or section 430,[8] payments of compensation are made as a result thereof and *upon the final outcome of the*

---

[7] Section 413 of the Act, 77 P.S. §§ 771-74.3.

[8] Section 430 of the Act, 77 P.S. § 971.

6

*proceedings*, it is determined that such compensation was not, in fact, payable, the insurer who has made such payments shall be reimbursed therefor.

(Emphasis added.) An employer cannot, however, unilaterally suspend the payment of benefits after filing a petition seeking termination or modification; absent a supersedeas order, an employer is required to continue paying benefits. *Robb, Leonard and Mulvihill v. Workers' Comp. Appeal Bd. (Hooper)*, 746 A.2d 1175, 1181-83 (Pa. Cmwlth. 2000); *Winkelmann v. Workmen's Comp. Appeal Bd. (Estate of O'Neill)*, 646 A.2d 58, 60 (Pa. Cmwlth. 1994), *appeal denied*, 655 A.2d 996 (Pa. 1995). Rather, an employer may only lawfully stop paying benefits when one of the following conditions is met:

> (1) a supplemental agreement is submitted pursuant to Section 408 of the Act, [*as amended*, added by the Act of June 26, 1919, P.L. 642,] 77 P.S. § 732;
>
> (2) a final receipt is submitted, signed by the claimant pursuant to Section 434 of the Act, [*as amended*, added by the Act of June 26, 1919, P.L. 642,] 77 P.S. § 1001;
>
> (3) an interlocutory order is secured from a WCJ granting a discretionary supersedeas pursuant to Section 413(a.1) and 413(a.2) of the Act, 77 P.S. § 774;
>
> (4) a petition to suspend compensation is filed with an accompanying affidavit from the insurer that the claimant has returned to work at wages greater than or equal to his pre-injury wage pursuant to Section 413(c) of the Act, [*as amended*, added by the Act of July 1, 1978, P.L. 692,] 77 P.S. § 774.2; or
>
> (5) a final order is secured from a WCJ terminating a claimant's benefits.

*Hooper*, 746 A.2d at 1182. "Until one of the above events occurs, an employer carries the burden of paying compensation during the entire litigation period." *Id.* Accordingly, "the granting of a supersedeas request cannot erase the employer's obligation to pay benefits for a time during which a supersedeas was not in effect."

7

*Id.* at 1183. In fact, where an employer unilaterally stops making payments, "the subsequent granting of a supersedeas request does not excuse an earlier violation of the Act," and an employer can be penalized for such a violation of the Act. *Id.*

In *Estate of O'Neill*, the employer refused to pay the workers' compensation benefits following its appeal of the WCJ's decision, even though the Board denied its request for supersedeas through a deemed denial—*i.e.*, failure to act within 30 days. The employer's unilateral act prompted the claimant to file a penalty petition, which the referee[9] granted. The employer appealed the penalty award to the Board (and filed another request for supersedeas, this time from the payment of the penalty award) and the Board reversed the referee's penalty award. On appeal to this Court, we reversed the Board and reinstated the penalty award. In doing so, we held that, although the employer prevailed on the merits, its earlier violations of the Act—*i.e.*, unilateral withholding of the claimant's benefits despite a denial of supersedeas—were not excused. *Estate of O'Neill*, 646 A.2d at 60.

Similarly, in *Hooper*, the employer unilaterally suspended the payment of the claimant's benefits following the claimant's refusal to return to work in her pre-injury position after a full release. Approximately six months later, Employer filed a petition to modify or suspend the claimant's benefits and requested supersedeas. The WCJ granted the supersedeas request but ordered the employer to pay to the claimant all of the benefits the employer unilaterally withheld from the six months before the employer filed its petition through the date of the WCJ's order. The employer, thereafter, filed an application for reimbursement from the Fund, which the WCJ granted for the entire period for which the employer paid benefits,

---

[9] Prior to the 1993 amendments to the Act, WCJs were referred to as referees. *See King v. Workmen's Comp. Appeal Bd. (K-Mart Corp.)*, 664 A.2d 1087, 1088 n.1 (Pa. Cmwlth. 1995), *rev'd*, 700 A.2d 431 (Pa. 1997).

including the period during which the employer unilaterally withheld payment of benefits. The Bureau appealed the WCJ's decision to the Board. The Board amended the WCJ's order to rescind reimbursement for the payments that the employer unilaterally withheld prior to its request for supersedeas. This Court affirmed the Board's decision, declining to permit reimbursement of funds for the period of time during which the employer unilaterally withheld payment. In doing so, we recognized that holding otherwise would encourage employers to continuously violate the Act by unlawfully withholding payments. *Hooper*, 746 A.2d at 1183. We, therefore, determined that an employer is not entitled to reimbursement when the withheld benefits were paid retroactively pursuant to a penalty award. *Id*.

In this case, Employer has not established that it was entitled to reimbursement for the medical expenses it paid in connection with WCJ Lawton's order granting Claimant's penalty petition. Similarly to the employers' actions in *Estate of O'Neill* and *Hooper*, Employer unilaterally withheld payment of medical expenses in violation of the Act and may not be reimbursed for those payments. It is irrelevant that Employer subsequently prevailed on the termination petition because earlier violations of the Act may not be excused. *See Estate of O'Neill*, 646 A.2d at 60. Based on the above discussion, we conclude that the Board did not err in reversing WCJ Jones's decision, which granted Employer's Application with respect to reimbursement for medical expenses.

Accordingly, we affirm the order of the Board.

_____
P. KEVIN BROBSON, Judge

9

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Erie Insurance Company and   :
Powell Mechanical, Inc.,   :
              Petitioners   :
  :
          v.   :   No. 20 C.D. 2018
  :
Workers' Compensation Appeal   :
Board (Commonwealth of   :
Pennsylvania, Department of   :
Labor and Industry, Bureau of   :
Workers' Compensation),   :
           Respondent   :

## **O R D E R**

AND NOW, this 21st day of February 2019, the order of the Workers' Compensation Appeal Board is hereby AFFIRMED.

_____
P. KEVIN BROBSON, Judge