644 A.2d 697

LAUNDRY OWNERS MUTUAL LIABILITY
INSURANCE ASSOCIATION (STOP–N–
GO FOOD STORES), Appellant,

v.

WORKMEN'S COMPENSATION APPEAL BOARD
(Barbara HERPAK), Appellees.

Supreme Court of Pennsylvania.

Argued March 8, 1994.

Decided July 1, 1994.

368

Kathleen A. Lenahan, Lenahan & Dempsey, A.P.C., Brian J. Lenahan, Scranton, for appellant.

Michael R. Hetrick, Carol Cingranelli, W.C.A.B., Harrisburg, for appellee.

Susan Shinkman, Dept. of Labor & Industry, Harrisburg.

Before NIX, C.J., and FLAHERTY, ZAPPALA, PAPADAKOS, CAPPY CASTILLE and MONTEMURO, JJ.

### OPINION

MONTEMURO, Justice.

This case presents the issue of whether the Workmen's Compensation Act[1] (the Act) entitles an insurer to interest on compensation payments reimbursed from the Supersedeas Fund (the Fund). We now hold it does not.

The facts giving rise to this case are as follows: On June 1, 1982, Barbara Herpak filed a claim petition alleging that she had been disabled in an auto accident on December 3, 1981 when she worked for Stop–N–Go Food Stores. On April 6, 1984, a referee granted this petition and ordered Stop–N–Go and its insurer, Laundry Owners Mutual Liability Insurance Association (appellant) to pay Herpak compensation for total disability at the rate of $262.00 per week effective December

1. Act of June 2, 1915, P.L. 736, as amended, 77 P.S. § 1, et seq.

4, 1981. The Workmen's Compensation Appeal Board (the Board) affirmed this decision. Appellant appealed to the Commonwealth Court,[2] which subsequently reversed the Board's decision on the ground that Herpak was not in the scope of her employment when she was injured. We then granted allocatur and affirmed the Commonwealth Court's holding in *Stop–N–Go Food Stores v. Workmen's Compensation Appeal Board (Herpak),* 521 Pa. 481, 555 A.2d 1293 (1989).

Following our decision, appellant filed an application for reimbursement of compensation benefits, medical bills and interest on payments made pending the final outcome of the case from the fund. The referee, however, only granted appellant reimbursement for compensation payments. Appellant then appealed to the Board, claiming that it was also entitled to reimbursement for medical bills which were found to be unreasonable, unnecessary, or unrelated to the work injury and for interest on these medical payments and compensation payments. The Board affirmed the portion of the referee's decision denying appellant's request for interest but reversed the referee's denial of reimbursement for medical bills paid by appellant. This holding was subsequently affirmed by the Commonwealth Court, 151 Pa.Commw. 556, 617 A.2d 860. We granted allocatur to determine whether appellant was entitled to an award of interest on reimbursement payments made by the Supersedeas Fund.

It is well established that any right to charge interest is a privilege granted by statute and subject to legislative control. *Equitable Credit & Discount Co. v. Geier,* 342 Pa. 445, 21 A.2d 53 (1941); *Smith v. Mitchell,* 420 Pa.Super. 137, 616 A.2d 17 (1992). In bringing the present appeal, appellant contends that accrual of interest on reimbursement payments is statutorily provided in Section 443 [77 P.S. § 999(a) ] and Section 406.1(a) [77 P.S. § 717.1] of the Workmen's Compensation Act. Section 443 of the Act provides for the reimbursement of compensation payments made by an employer once it

---

2. Both the Board and the Commonwealth Court also denied appellant's requests for supersedeas.

has been determined that the compensation payments made by the employer to a claimant should not have been paid. As it states,

(a) If, in any case in which a supersedeas has been requested and denied under the provisions of section 413 or 430, [77 P.S. §§ 771–774.1 and 971] payments of compensation are made as a result thereof and upon the final outcome of the proceedings, it is determined that such compensation was not, in fact, payable, the insurer who has made such payments shall be reimbursed therefor.

77 P.S. § 999(a).

Section 406.1, in turn, provides for the payment of interest at a rate of ten percent per annum to claimants on all back awards of compensation benefits. Specifically, section 406.1 states in part:

Prompt payment of compensation; interest; credit for excess payment; controversion

The employer and insurer shall promptly investigate each injury reported or known to the employer and shall proceed promptly to commence the payment of compensation due either pursuant to an agreement upon the compensation payable or a notice of compensation payable as provided in section 407 [77 P.S. § 731], on forms prescribed by the department and furnished by the insurer. The first installment of compensation shall be paid not later than the twenty first day after the employer has notice or knowledge of the employee's disability. Interest shall accrue on all due and unpaid compensation at the rate of ten per centum per anum.

77 P.S. § 717.1.

Appellant argues that when Section 443 is read in conjunction with Section 406.1 it allows an employer to collect the interest on reimbursements issued under Section 443 in the same manner as a claimant is permitted to collect interest on compensation payments under Section 406.1. This argument, however, is based on a misreading of Section 406.1.

Section 406.1 does not provide a general authorization of interest charges on all awards of compensation. Rather, Section 406.1 authorizes the payment of interest only in those cases in which an employer's payment of compensation payments is delayed. Section 443, however, contains no such provision.

Appellant, however, asserts that Section 443 should nevertheless be deemed to authorize the payment of interest in order to compensate an employer for the loss of the use of the funds paid to the claimant pending the outcome of the procedure. This holding, however, would amount to judicially created amendment to Section 443. Such a legislative action is beyond the power of this court and is better left in the hands of the legislature. Thus, appellant's argument clearly fails. The order of the Commonwealth Court is affirmed.

MONTEMURO, J., is sitting by designation as Senior Justice pursuant to Judicial Assignment Docket No. 94 R1801, due to the unavailability of LARSEN, J., see No. 127 Judicial Administration Docket No. 1, filed October 28, 1993.