870 A.2d 961 (2005)
UNIVERSAL AM-CAN, LTD. and AIG Claim Services, Inc., Petitioners
v.
WORKERS' COMPENSATION APPEAL BOARD (MINTEER), Respondent.
Commonwealth Court of Pennsylvania.
Argued February 3, 2005.
Decided March 16, 2005.
*962 Michael S. Faber, Pittsburgh, for petitioner, Universal AM-Can, Ltd.
Eric G. Preputnick, Asst. Counsel, Harrisburg, for intervenor, Bureau of Workers' Compensation.
BEFORE: McGINLEY, Judge, and FRIEDMAN, Judge, and KELLEY, Senior Judge.
OPINION BY Judge McGINLEY.
Universal AM-CAN, LTD. (AM-CAN) and AIG Claim Services, Inc. (Insurer) (collectively, Petitioners) seek review of an order of the Workers' Compensation Appeal Board (Board) that affirmed the decision of the Workers' Compensation Judge's (WCJ) denial of Petitioners' request for reimbursement of litigation costs, attorney's fees, and interest.
On March 26, 2001, Petitioners filed an application for supersedeas fund reimbursement and alleged:
Insurer's request for supersedeas was denied on 12/27/1995... as a result of which insurer continued payment from 04/16/1993 until the final outcome of the proceedings on 11/27/2000 at which time it was determined that such compensation was not, in fact, payable....
Insurer, [t]herefore, requests reimbursement of its overpayment of compensation as follows: Compensation paid for 388 weeks... from 04/16/1993 to 11/27/2000 at $475.00 per week for a Total of $184,567.43....
....
Defendant [Petitioners] further asserts that medical expenses of $193.95 were also paid for which Defendant [Petitioners] seeks reimbursement.
....
Other Matters Alleged
In the instant matter, the employer [AM-CAN] made total payments on the instant matter of $237,339.59. This includes payment of costs and fees employer[.] [AM-CAN] requests total reimbursement of all costs and fees paid. In addition the employer [AM-CAN] requests interest on the costs and fees in the amount of $134,144.97. This is interest based on 10% annually compounded monthly. The employer, therefore, requests a total reimbursement of $371,486.56.
Application For Supersedeas Fund Reimbursement, March 26, 2001, at 1-3.
The Department of Labor and Industry, Bureau of Workers' Compensation (Bureau) denied the allegations and asserted: "that litigation costs and fees are not `compensation' and therefore are not reimbursable from the Supersedeas Fund [and] ... [m]oreover, the Workers' Compensation Act does not entitle an insurer to interest on compensation payments reimbursed from the Supersedeas Fund." Answer To Application For Supersedeas Fund Reimbursement, May 28, 2002, at 1.
The WCJ made the following pertinent findings of fact:

*963 1. On or about June 15, 1993, the claimant, Clarence Minteer, filed a Claim Petition, alleging that he became totally disabled as a result of a work-related injury which occurred on April 16, 1993, in the course of his employment with Employer, Universal Am-Can, Ltd. Employer and its insurer ("Petitioner"[s]) filed an Answer denying the allegations and asserting that the claimant was an independent contractor.
2. By Decision and Order circulated on November 6, 1995, Workers' Compensation Judge (Judge) Francis J. Desimone granted claimant's Claim Petition, awarding claimant compensation for total disability in the amount of $475.00 per week beginning April 16, 1993.
3. Petitioner[s] timely appealed Judge Desimone's decision to the Workers' Compensation Appeal Board (Board). With its appeal, Petitioner[s] requested Supersedeas.
4. By Order dated December 13, 1995, the Board denied Petitioner[s'] request for Supersedeas.
5. By Order dated June 27, 1997, the board affirmed Judge Desimone's November 6, 1995 Decision granting claimant's Claim Petition.
6. Petitioner[s] filed a Petition for Review of the board's Order with the Commonwealth Court. By Opinion filed February 2, 1998, the Commonwealth Court affirmed the board's June 27, 1997 Order.
7. Petitioner[s] filed a Petition for Allowance of Appeal.... The [Pennsylvania] Supreme Court granted allocatur and, by decision dated November 7, 2000, reversed the decisions of the Commonwealth Court, Board and Judge, which had granted claimant's Claim Petition.
8. Thereafter, Petitioner[s] filed the instant Application for Supersedeas Fund Reimbursement, as amended, requesting reimbursement from the Supersedeas Fund totaling $371,484.56, broken down as follows:
a. $184,567.43 for indemnity benefits paid during the period from April 16, 1993 to November 27, 2000 at the rate of $475.00 per week;
b. $193.95 for medical benefits;
c. $52,578.21 for litigation costs and fees; and
d. $134,144.97 for interest on the reimbursement of litigation costs and fees.
9. The Commonwealth, Bureau of Workers' Compensation, acting in its capacity as conservator of the Supersedeas Fund, filed an Answer ... denying the allegations therein. In pertinent part, the Commonwealth specifically asserted that Petitioner[s] [are] not entitled to reimbursement of litigation costs and fees, as those items are not "compensation" under Section 443 of the Act. The Commonwealth further asserted that Petitioner[s] [are] not entitled to receive interest on any compensation amounts that are reimbursable from the Fund.
10. Petitioners' counsel advances very cogent and reasonable policy arguments as to why litigation costs, attorney's fees, and lost interest should be reimbursed.... Even though this Workers' Compensation Judge agrees that the board [sic] purpose should be to reimburse an insurer all lost monies, this Judge is bound by the wording of the statute and the case law to limit such a claim only to disbursed indemnity benefits.
11. The parties were not able to agree upon or stipulate to the amount of indemnity paid by Petitioner[s]. Based upon a review of the proof of payment entries submitted by Petitioner[s] with its Application, it is found as fact that *964 "compensation" payments for indemnity were made to the claimant for the period of April 16, 1993 through November 27, 2000 at various rates, for a total of $189,395.33.
12. Based upon a thorough review of the proof of payment submitted by Petitioner[s] with its Application, it is found as fact that the proof of payment fails to establish the payment of any medical benefits on the instant claim.
The WCJ's Decision, October 29, 2000, Findings of Fact Nos. 1-12 at 1-2. The WCJ granted the application in part as to the indemnity compensation paid in the amount of $189,395.33 and denied the application as to the litigation costs, attorney's fees, and interest.
The Board affirmed and concluded:
Preliminarily, we reject Defendant's [Petitioners] argument that the WCJ did not have jurisdiction over the claim because the injury occurred in Ohio and because Claimant was an independent contractor.... Jurisdiction cannot be raised once a proceeding is over, nor can issues of jurisdiction be used to frustrate a judgment or its effect in other proceedings....
....
The plain meaning of Section 443(a) is that an insurer shall only be reimbursed payments of compensation made to a Claimant, where it is determined that the compensation was not, in fact payable.... [T]he Commonwealth Court has determined that indemnity and medical benefits are compensation....
....
The legislature has not amended Section 443 to include reimbursement of interest lost on compensation, attorney's fees or litigation costs. (citations omitted).
The Board's Opinion, June 16, 2004, at 3-6.

I. Did The WCJ Lack Subject Matter Jurisdiction?
Initially, Petitioners contend[1] that they were entitled to reimbursement of litigation costs, attorney's fees and interest because the WCJ lacked subject matter jurisdiction. Essentially, Petitioners assert that because our Pennsylvania Supreme Court determined that there was no employer-employee relationship the WCJ lacked jurisdiction to rule on Petitioners' claim for reimbursement.
This Court notes that "questions of jurisdiction can never be waived, and may be raised at any time by the parties or sua sponte by an appellate court." Pennhurst Medical Group, P.C. v. Department of Public Welfare, 796 A.2d 423, 425 n. 2 (Pa.Cmwlth.2002), citing Commonwealth v. Little, 455 Pa. 163, 314 A.2d 270 (1974). In Overhead Door Company of Lewistown, Inc. v. Workers' Compensation Appeal Board (Gill), 819 A.2d 635 (Pa.Cmwlth.2003)[2], this Court addressed the issue of jurisdiction:

*965 It is clear under Pennsylvania law that the [Workers' Compensation] Act provides the sole means by which an employee can recover from an employer or a named insurance carrier.... Obviously, the WCJ had jurisdiction to hear the general subject matter of this case.

As noted by our Pennsylvania Supreme Court, `[j]urisdiction relates solely to the competency of a particular court or administrative body to determine controversies of the general class to which the case then presented for its consideration belongs....'
As noted above, the WCJ in the instant matter obviously had subject matter jurisdiction over the general nature of the claim, i.e. the workers' compensation claim .... (emphasis added and citation omitted).
Overhead Door Company, 819 A.2d at 638.
Here, Clarence Minteer (Minteer) alleged in the underlying claim petition that he suffered a work-related injury while in the course of employment with AM-CAN. Clearly, the Workers' Compensation Act (Act)[3] provides the sole means where an employee may recover from an employer and its insurance carrier for a work-related injury. WCJ Francis J. Desimone (WCJ Desimone) accurately noted that subject matter jurisdiction was undisputed by the parties. See WCJ Desimone's Decision, November 6, 1995, Finding of Fact No. 4 at 2. Clearly, jurisdiction was never an issue. Further, WCJ Desimone found that there was an employer-employee relationship and that Minteer sustained a work-related injury. WCJ Desimone awarded Minteer total compensation benefits as well as litigation costs and attorney fees under Section 440(a) of the Act, 77 P.S. § 996(a). See WCJ Desimone's November 6, 1995, Decision.
On November 7, 2000, our Pennsylvania Supreme Court reversed and found there was no employer-employee relationship. The Supreme Court's reversal on a substantive employer-employee relationship issue[4] does not retroactively divest the WCJ of subject matter jurisdiction. In fact, under Section 443 of the Act, 77 P.S. § 999, "[a]pplication for reimbursement shall be made to the department on forms prescribed by the department and furnished by insurer" and that "[a]pplications may be assigned to a workmen's compensation referee for a hearing and determination for reimbursement pursuant to this act. ..." (emphasis added). Here, the WCJ had statutory jurisdiction to hear and decide Petitioners' application for reimbursement. "When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing *966 its spirit." 1 Pa.C.S. § 1921(b).[5] Therefore, the proper query before this Court is whether the WCJ and the Board correctly calculated the reimbursement due Petitioners.[6]

II. Did The Board Err When It Concluded That Attorney Fees and Costs Are Not Compensation Under Section 443(a) Of The Act?
Petitioners next contend that the Board erred when it determined that it was not entitled to reimbursement from the Supersedeas Fund for its litigation costs and attorney's fees. Petitioners assert that the costs incurred to litigate this claim fall within the definition of the term "compensation" in Section 443(a) of the Act, 77 P.S. § 999.
Section 443 of the Act, 77 P.S. § 999, provides:
(a) If, in any case in which a supersedeas has been requested and denied under the provisions of section 413 or section 430, payments of compensation are made as a result thereof and upon the final outcome of the proceedings, it is determined that such compensation was not, in fact, payable, the insurer who has made such payments shall be reimbursed therefor....
(b) There is hereby established a special fund in the State Treasury, separate and apart from all public moneys or funds of this Commonwealth, to be known as the Workmen's Compensation Supersedeas Fund. The purpose of this fund shall be to provide moneys for payments pursuant to subsection (a), to include reimbursement to the Commonwealth for any such payments made from general revenues....
This Court has reviewed Section 443(a) of the Act and noted that "in the context of reimbursement from the Supersedeas Fund the term `compensation' includes both wage loss benefits and medical expenses." (Emphasis added.) Temple University and INA/CIGNA v. Workers' Compensation Appeal Board (Parson and Supersedeas Fund), 753 A.2d 289, 291 (Pa.Cmwlth.2000), citing Insurance Company of North America v. Workmen's Compensation Appeal Board (Kline and Packard Press), 137 Pa.Cmwlth.393, 586 A.2d 500 (1991), affirmed without opinion, 533 Pa. 112, 619 A.2d 1356 (1993).
The WCJ and the Board properly concluded that pursuant to Section 443(a) of the Act, 77 P.S. § 999, Petitioners were entitled to reimbursement from the Supersedeas Fund of "such compensation [that] was not in fact payable", but not attorney's fees and litigation costs.
However, Petitioners assert that because Section 440(a) of the Act, 77 P.S. § 996(a), provides for the reimbursement of litigation costs and attorney's fees to an employee, an employer/insurer is also entitled to such reimbursement.
Section 440 of the Act, 77 P.S. § 996, provides:

*967 (a) In any contested case where the insurer has contested liability in whole or in part ... the employe or his dependent, as the case may be, in whose favor the matter at issue has been finally determined in whole or in part shall be awarded, in addition to the award for compensation, a reasonable sum for costs incurred for attorney's fee, witnesses, necessary medical examination, and the value of unreimbursed lost time to attend the proceedings: Provided, The cost for attorney fees may be excluded when a reasonable basis for the contest has been established by the employer or the insurer.
In Workmen's Compensation Appeal Board v. Bethlehem Mines Corporation, 23 Pa.Cmwlth. 517, 353 A.2d 79, 81 (1976), this Court noted:
The purposes of Section 440 ... are to deter unreasonable contests of workmen's claims and to ensure that claimants successful in litigation of their claims should receive compensation undiminished by the cost of litigation.... [W]e find nothing invidious in the provision to successful claimants of their reasonable litigation costs and the denial of such costs to insurers which have successfully contested workmen's claims. (emphasis added).
The Court's reasoning remains compelling.
Section 440(a) of the Act, 77 P.S. § 996(a), outlines that litigation costs and attorney's fees are not "compensation" but are in addition to "compensation." Also, if Petitioners' litigation costs and attorney's fees were reimbursable under Section 440(a) of the Act, which was obviously not the legislative intent, such allowance would be expanded to include additional litigation as to the reasonableness of the amounts spent by Petitioners in defense of the underlying claim. Clearly, this was not the intent of the General Assembly. "[T]he General Assembly does not intend a result that is absurd, impossible of execution or unreasonable." 1 Pa.C.S. § 1922(a).

III. Whether Petitioners Are Entitled To Reimbursement of Interest Lost On The Amount Of Overpayment?
Finally, Petitioners seek to recover the interest lost on the overpayment of compensation made to Minteer. Our Pennsylvania Supreme Court has rejected a similar argument:
It is well established that any right to charge interest is a privilege granted by statute and subject to legislative control.... In bringing the present appeal, appellant [Insurer] contends that the accrual of interest on reimbursement payments is statutorily provided in Section 443 [77 P.S. § 999(a)] and Section 406.1(a) [77 P.S. § 717.1] of the Workmen's Compensation Act. Section 443 of the Act provides for reimbursement of compensation payments made by an employer once it has been determined that the compensation payments made by the employer to a claimant should not have been paid....
Section 406.1, in turn, provides for the payment of interest at a rate of ten percent per annum to claimants on all back awards of compensation benefits....
Appellant [Insurer] argues that when Section 443 is read in conjunction with Section 406.1 it allows an employer to collect interest on reimbursements issued under Section 443 in the same manner as a claimant is permitted to collect interest on compensation payments under Section 406.1. This argument, however, is based on a misreading of Section 406.1.
Section 406.1 does not provide a general authorization of interest charges on all awards of compensation. Rather, Section *968 406.1 authorizes the payment of interest only in those cases in which an employer's payment of compensation payments is delayed. Section 443, however, contains no such provision.

Appellant [Insurer], however, asserts that Section 443 should nevertheless be deemed to authorize the payment of interest in order to compensate an employer for the loss of the use of the funds paid to the claimant pending the outcome of the procedure. This holding, however, would amount to a judicially created amendment to Section 443. Such a legislative action is beyond the power of this court and is better left in the hands of the legislature .... (citations and sections of the Act omitted and emphasis added).
Laundry Owners Mutual Liability Insurance Association (Stop-N-Go Food Stores) v. Workmen's Compensation Appeal Board (Herpak), 537 Pa. 367, 369-71, 644 A.2d 697, 698 (1994).
This Court is guided by the sound policy promulgated by our Supreme Court to refrain from judicial legislation.
Accordingly, this Court affirms.

ORDER
AND NOW, this 16th day of March, 2005, the order of the Workers' Compensation Appeal Board in the above-captioned matter is affirmed.
NOTES
[1] This Court's review is limited to a determination of whether an error of law was committed, whether necessary findings of fact are supported by substantial evidence, or whether constitutional rights were violated. Vinglinsky v. Workmen's Compensation Appeal Board (Penn Installation), 139 Pa.Cmwlth.15, 589 A.2d 291 (1991).
[2] In Overhead Door, this Court recounted the facts:

[T]he WCJ dismissed the joinder petition Claimant had filed against AIG [Insurance Company of Pennsylvania], but granted the petition seeking to join SWIF [State Workers' Insurance Fund]. The WCJ stated that AIG was dismissed from the action as SWIF was the responsible insurance carrier. The WCJ found that SWIF was estopped from denying coverage due to its actions in the case for an extended period of time and the prejudice Claimant would face if forced to relitigate. The WCJ further determined that Claimant suffered a work-related injury and SWIF was ordered to pay $204.00 per week for the period of January 5, 1993, through December 7, 1993.... The Board affirmed....
....
The second issue raised by SWIF is whether the WCJ had subject matter jurisdiction over SWIF where SWIF never contracted with either Claimant or Claimant's employer.
Id. at 637-38.
[3] Act of June 2, 1915, P.L. 736, as amended, 77 P.S. §§ 1-1041.4; 2501-2626.
[4] In Martin Trucking Company v. Workmen's Compensation Appeal Board (Andrushenko and Clark Searfoss), 30 Pa.Cmwlth.367, 373 A.2d 1168, 1169 (1977), this Court stated that "[t]he question of whether an employer-employee relationship exists is one of law, based upon the findings of fact" and that "[t]here is no set formula for determining the existence of an employer-employee relationship; each case must be determined on the factual matrix." (citations omitted).
[5] Assuming arguendo Petitioners' jurisdictional argument was meritorious, Petitioners have failed to offer any statutory authority or case law that indicates what agency, or court for that matter, would have subject matter jurisdiction to rule on its application for reimbursement.
[6] This Court agrees with Petitioners' argument that the Board erred when it determined that the doctrine of quasi-judicial immunity was applicable because here Petitioners are not seeking civil damages against the WCJ or the Bureau but merely reimbursement from the Supersedeas Fund. See Board's Opinion at 4-5. However, such error was harmless because it did not affect the outcome.