IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Dale A. Kauffman,                              :
                    Petitioner                 :
                                               :  No. 1692 C.D. 2015
          v.                                   :
                                               :  Submitted: March 18, 2016
Workers' Compensation Appeal                   :
Board (LTL Home Products, Inc.                 :
and Travelers Property Casualty                :
Company of America),                           :
                    Respondents                :


BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
          HONORABLE PATRICIA A. McCULLOUGH, Judge
          HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


*OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                                    FILED: July 6, 2016


          Dale A. Kauffman (Claimant) petitions for review of the August 11,
2015 order of the Workers' Compensation Appeal Board (Board), which affirmed
the decision of a Workers' Compensation Judge (WCJ) denying Claimant's claim
petition. We affirm.

          On August 16, 2012, Claimant filed a claim petition against LTL
Home Products, Inc. (Employer), alleging that he sustained a work-related
occupational disease injury in the nature of pulmonary disease on April 13, 2012,
due to continuous exposure to mold and other toxic fumes while in the course and
scope of his employment as a Warehouse Manager for Employer. On August 27,

2012, Employer filed an answer to the claim petition denying the material allegations, and hearings before a WCJ ensued.

At the hearings, Claimant testified that he worked in Employer's primary warehouse and that his job duties included unloading trucks by hand, processing and shipping orders, and doing paperwork. Claimant stated that he began working for Employer in 1994 and denied having any breathing problems before working there. Claimant further stated that in the end of October 2011, Employer brought material from a secondary warehouse to the primary warehouse and that he began to get sick in November 2011. Claimant testified that he could not get rid of his cough so he went to his family physician who prescribed a CPAP mask and codeine cough medicine. Claimant described the material that bothered him as plastic doors, plastic shelving, wood shelving, glass shelving, and other junk, the majority of which was in cardboard boxes. Claimant noted that the boxes possessed a distinct smell, and that the materials were housed in the secondary warehouse with no heat and poor lighting for approximately fifteen years. Claimant further testified that his breathing got much worse after the materials were transferred to the primary warehouse. Claimant stated that his symptoms included an uncontrollable cough and difficulty breathing and speaking. (WCJ's Findings of Fact Nos. 5-8, 11.)

Claimant also presented the deposition testimony of Jonathan Hertz, M.D., who is board-certified in internal medicine and pulmonary disease. Dr. Hertz testified that he began treating Claimant on May 16, 2012. Dr. Hertz stated that Claimant told him that he developed new respiratory complaints of cough and large amounts of phlegm production within days of the transfer of the materials into the primary warehouse in November 2011. Dr. Hertz further testified that

2

Claimant stated that his cough was aggravated by physical activity and exposure to perfume, scents, cooking odors, and passive cigarette smoke. (WCJ's Finding of Fact No. 21.) Dr. Hertz diagnosed Claimant as suffering from:

> [S]evere cough syndrome with an asthma-like condition, what we call hyperactive airways disease, as a result of a workplace exposure to mold and a moldy environment over some weeks back in November 2011 and that the problems with cough, wheezing, and bronchospasm became so difficult that they set off a secondary syndrome called vocal cord dysfunction, which added to his respiratory complaints. I felt both of these, you know, were largely related to workplace exposure back at the time, I said.

(WCJ's Finding of Fact No. 23.)

During his testimony, Dr. Hertz further opined that the multi-day exposure to mold in the workplace made Claimant's airway hyperactive, twitch, irritable, and inflamed and that Claimant developed his condition as a result of the exposure. Dr. Hertz admitted that he had no objective data or studies, such as air testing showing that mold was present at Claimant's work facility, but noted that Claimant told him "that he could really smell that it was a very dank, damp environment and that he felt uncomfortable and noticed the smell right away." (WCJ's Finding of Fact No. 27.) Dr. Hertz also testified that when Claimant stopped working, he did not get better and that he had a history of sensitivity toward other items like household cleaners, cologne, perfume, and cold air. (WCJ's Findings of Fact Nos. 24, 27, 30.)

Employer presented the deposition testimony of John Cohn, M.D., who is board-certified in allergy, immunology, pulmonary medicine, and internal medicine. Dr. Cohn performed Independent Medical Evaluations on Claimant on May 2, 2012, and November 12, 2012. (WCJ's Finding of Fact No. 37.)

3

Dr. Cohn opined that Claimant's diagnoses included: long-standing reactive airways disease or asthma, vocal cord dysfunction, gastro-esophageal reflux, cervical spine disease, anxiety issues, and a cough that comes and goes but is secondary to the other diagnoses. Dr. Cohn testified to a reasonable degree of medical certainty that these problems were not related to exposure to mold at work. He further testified that most of the conditions he diagnosed Claimant with were not remotely related to mold exposure or were conditions that mold exposure could not create. (WCJ's Finding of Fact No. 38.)

Dr. Cohn opined that Claimant's asthma and breathing problems pre-dated his alleged exposure to mold in the workplace and noted there was no evidence of significant mold presence in the workplace. He also testified that Claimant tested negative for mold allergies on February 3, 2012. Dr. Cohn stated that Claimant did not improve when he was out of the workplace and his symptoms were worse at night when he was at home. In concluding his medical opinion as to whether Claimant's symptoms were related to his workplace, Dr. Cohn testified:

> I think there's really just inadequate evidence – there's really no good evidence. And Dr. Hertz in his very brief opinion in his testimony doesn't explain even why he thinks there's a connection between mold in the workplace and this man's complaints which obviously pre[-]dated whatever . . . went on in October of 2011 and it persisted long after he's left the same location. So I think there's really no scientific basis. So to a reasonable degree of medical certainty I can't relate this to the workplace.

(WCJ's Finding of Fact No. 39.) In his testimony, Dr. Cohn also raised concerns as to whether Dr. Hertz reviewed prior medical records and was aware of the

4

extensive history of medical problems that Claimant had before October 2011. (WCJ's Finding of Fact No. 40.)

At the conclusion of the hearings, the WCJ accepted Claimant's testimony as credible, in part, but only to the extent that he described experiencing ongoing symptoms and complaints. However, to the extent that Claimant's testimony purported to relate his symptoms and alleged disability after October 2011 to his work environment, the WCJ rejected it as not credible, finding that is was not supported by the accepted medical evidence in the case. (WCJ's Finding of Fact No. 43.)

The WCJ accepted the testimony and opinions of Dr. Cohn as credible, logical, internally consistent, and persuasive. The WCJ was impressed with Dr. Cohn's thorough patient history, his review of medical records, and his qualifications and experience. The WCJ also noted that Dr. Cohn's opinions were supported by objective diagnostic studies and other testing outlined in his testimony. (WCJ's Finding of Fact No. 44.)

The WCJ rejected the testimony and opinions of Dr. Hertz to the extent they conflicted with those of Dr. Cohn as less credible and persuasive. The WCJ noted that Dr. Hertz's history regarding Claimant's prior problems and treatment prior to October 2011 was extremely limited and much less thorough than that obtained by Dr. Cohn. The WCJ explained that Dr. Cohn's opinion was based on a more detailed review of Claimant's prior medical records. The WCJ also found that Dr. Hertz's opinions as to causation were based, in large part, on speculation and Claimant's limited history. The WCJ further explained his position:

> In this regard Claimant's skin testing for mold sensitivity or allergies was negative. Dr. Hertz admitted that he had

5

no objective data or studies, such as air testing showing mold at Claimant's work facility. Dr. Hertz also acknowledged that Claimant was suffering from a myriad of other unrelated conditions, which could cause similar symptoms.

(WCJ's Findings of Fact No. 44.)

Based on these findings, the WCJ found that Claimant failed to establish that he suffered from an occupational disease or work-related injury. (WCJ's Conclusion of Law No. 4.) Accordingly, the WCJ denied Claimant's claim petition.

On appeal, the Board affirmed. In doing so, the Board determined that the WCJ provided specific explanations for his credibility determinations and that the credibility determinations were supported by the record. The Board further determined that the WCJ issued a detailed decision explaining why he reached the legal conclusions that he did. (Board's decision at 8-9.)

On appeal to this Court,[1] Claimant argues that the Board erred in affirming the decision of the WCJ because the WCJ failed to consider the record as a whole and capriciously disregarded the credible and substantial evidence of record. We disagree.

It is well settled that in a claim petition, the claimant bears the burden of proving all elements necessary for an award. *Inglis House v. Workmen's Compensation Appeal Board (Reedy)*, 634 A.2d 592, 595 (Pa. 1993). More specifically, a claimant must establish that he sustained an injury during the course and scope of his employment and that the injury was causally related to his

---

[1] Our scope of review is limited to determining whether findings of fact are supported by substantial evidence, whether an error of law has been committed, or whether constitutional rights have been violated. Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704.

employment. *Delaware County v. Workers' Compensation Appeal Board (Baxter-Coles)*, 808 A.2d 965, 967-68 (Pa. Cmwlth. 2002). Section 301(c)(2) of the Workers' Compensation Act (Act),[2] defines the term "injury in the course of employment" to include an "occupational disease as defined in section 108 of [the Act]." 77 P.S. §411(2). In turn, section 108 of the Act, 77 P.S. §27.1, provides a list of occupational diseases and includes a catch-all provision in section 108(n) for "[a]ll other diseases (1) to which the claimant is exposed by reason of his employment, and (2) which are causally related to the industry or occupation, and (3) the incidence of which is substantially greater in that industry or occupation than in the general population." 77 P.S. §27.1(n).

In assessing the evidence, the WCJ is the ultimate fact-finder and has complete authority over questions of credibility and evidentiary weight. *Davis v. Workers' Compensation Appeal Board (City of Philadelphia)*, 753 A.2d 905, 909 (Pa. Cmwlth. 2000). The WCJ is free to accept, in whole or in part, the testimony of any witness, including medical witnesses. *Greenwich Collieries v. Workmen's Compensation Appeal Board (Buck)*, 664 A.2d 703, 706 (Pa. Cmwlth. 1995). Indeed, the WCJ may reject the testimony of any witness even if it is uncontradicted. *Capuano v. Workers' Compensation Appeal Board (Boeing Helicopter Co.)*, 724 A.2d 407, 410 (Pa. Cmwlth. 1999). The WCJ's determinations as to credibility and evidentiary weight are binding on appeal unless made arbitrarily and capriciously. *PEC Contracting Engineers v. Workers' Compensation Appeal Board (Hutchison)*, 717 A.2d 1086 (Pa. Cmwlth. 1998).

In *Leon E. Wintermyer, Inc. v. Workers' Compensation Appeal Board (Marlowe)*, 812 A.2d 478, 487 (Pa. 2002), our Supreme Court stated that the

---

[2] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§1—1041.4, 2501—2708.

7

capricious disregard standard is an appropriate component of appellate review in every case in which it is raised. However, this Court has emphasized that "[c]apricious disregard occurs only when the fact-finder deliberately ignores relevant, competent evidence." *Williams v. Workers' Compensation Appeal Board (USX Corp.-Fairless Works)*, 862 A.2d 137, 144 (Pa. Cmwlth. 2004). Accordingly, under the capricious disregard standard, a WCJ may generally disregard the testimony of any witness, even if the testimony is uncontradicted, but does not have the discretion to disregard competent evidence without a reasonable explanation or without specifically discrediting it. *Green v. Workers' Compensation Appeal Board (U.S. Airways)*, 28 A.3d 936, 942 (Pa. Cmwlth. 2011).

Here, the WCJ's findings of fact reflect that the WCJ considered Claimant's testimony as well as Claimant's expert's testimony. Although the WCJ did not find either credible, the WCJ summarized each of the witness's testimony and explained why he found the testimony of Claimant and his expert not credible. More specifically, the WCJ found that the testimony of Claimant's expert was not credible because it was based on a questionable medical history and that there was no objective evidence of Claimant being allergic to mold or that mold was present in his workplace. Insofar as the WCJ found that Claimant's testimony was not credible, the WCJ determined that Claimant's testimony as to causation was not supported by the credible medical expert testimony. Based on this record, we conclude that the WCJ did not capriciously disregard the evidence. *See In re Nevling*, 907 A.2d 672, 675 n.4 (Pa. Cmwlth. 2006) (concluding that where evidence is expressly considered and rejected, there is no capricious disregard of that evidence); *Capasso v. Workers' Compensation Appeal Board (RACS*

8

*Associates, Inc.)*, 851 A.2d 997, 1002 (Pa. Cmwlth. 2004) (concluding that the WCJ did not capriciously disregard evidence where the WCJ did not ignore the uncontradicted testimony of the claimant and his expert witness, but instead chose not to believe it, and the WCJ explained the reasons for his decision and why he rejected the claimant's evidence).

Accordingly, the order of the Board is affirmed.

_____
PATRICIA A. McCULLOUGH, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Dale A. Kauffman,                           :
                    Petitioner              :
                                            :   No. 1692 C.D. 2015
            v.                              :
                                            :
Workers' Compensation Appeal                :
Board (LTL Home Products, Inc.              :
and Travelers Property Casualty             :
Company of America),                        :
                    Respondents             :

## *ORDER*

AND NOW, this 6th day of July, 2016, the order of the Workers'
Compensation Appeal Board, dated August 11, 2015, is hereby affirmed.


                                    _____
                                    PATRICIA A. McCULLOUGH, Judge