# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In re: Appeal of Scott Hubbard   :
            :  No. 366 C.D. 2023
Appeal of: Scott Hubbard    :  Submitted: June 4, 2024


BEFORE:  HONORABLE ANNE E. COVEY, Judge
      HONORABLE MICHAEL H. WOJCIK, Judge (P.)
      HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY         FILED: July 16, 2024


    Scott Hubbard (Appellant) appeals pro se from the Philadelphia County Common Pleas Court's (trial court) November 30, 2022 order (entered December 1, 2022) denying his appeal from the City of Philadelphia (City), Bureau of Administrative Adjustment's (BAA) decision that upheld his violation of Section 12-913(1)(b)(.1) of the Philadelphia Traffic Code (Traffic Code).[1]  Appellant presents one issue for this Court's review: whether substantial evidence supported the Administrative Law Judge's decision.  After review, this Court affirms.

    On November 26, 2021, at or around 10:37 a.m., a Philadelphia Parking Authority (PPA) officer observed Appellant's unattended 2005 Chevrolet automobile illegally parked in front of the driveway of 722 East Passyunk Avenue, Philadelphia, Pennsylvania (Property).  The PPA officer issued a parking citation pursuant to Section 12-913(1)(b)(.l) of the Traffic Code, which carried a $51.00 fine.  Appellant appealed to the PPA.

    On January 20, 2022, a PPA Hearing Officer denied the appeal, noting that Appellant was parked in front of the Property's driveway, which is a prohibited

---

[1] Phila., Pa., Traffic Code § 12-913(l)(b)(.l) (2021) (prohibiting parking in front of driveways).

parking space, and that there were signs stating that parking was prohibited. Appellant appealed to the BAA. In his appeal packet, Appellant alleged that the location did not have a driveway, as the garage door was inoperable, and the Property owners were not using the garage to store a vehicle. In support of his claim, Appellant provided a photograph of the outside window of the garage, *see* Original Record (O.R.) at 19,[2] and a letter from the Property owners stating that their garage door was not operable.[3] The letter was unsworn and included no corroborating information that would affirm that it came from the Property's owners. *See* O.R. at 18.

On March 21, 2022, the BAA affirmed the Hearing Officer's decision. Appellant appealed from the BAA's decision to the trial court. On November 30, 2022, the trial court heard oral argument, at which Appellant repeated his claim that because the garage door was inoperable and the garage was not used to store a vehicle, the space in front of the garage door is not a driveway subject to regulation. However, Appellant admitted that there was a no parking sign in front of the driveway. *See* Notes of Testimony, November 30, 2022, at 4-5. The BAA argued that the presence of a garage door, curb cut, and no parking signage were substantial evidence that Appellant had parked in front of a driveway, which is a per se violation of the Traffic Code. The trial court upheld the BAA's decision and denied the appeal. Appellant appealed to this Court.[4]

---

[2] Because the pages of the Original Record are not numbered, the page numbers cited herein reflect electronic pagination.

[3] Specifically, the letter stated: "We are the owners of [the Property]. There is a garage door that is not an active garage door. It has not been used to enter a garage [sic] for many years." O.R. at 18.

[4] Where, as here, a trial court does not take additional evidence, this Court's review "is limited to determining whether constitutional rights were violated, whether an error of law was committed, whether the procedure before the local agency was contrary to statute, and whether necessary findings of fact are supported by substantial evidence." *Kovler v. Bureau of Admin.*

Appellant argues that the trial court erred by upholding the parking violation. Initially,

> [a] reviewing court . . . must accept the credibility determinations made by the local agency which hears the testimony, evaluates the credibility of the witnesses and serves as fact-finder. The reviewing court is not to substitute its judgment for that of the local agency. Assuming the record demonstrates the existence of substantial evidence, the court is bound by the local agency's findings.

*Troiani Grp. v. City of Pittsburgh Bd. of Appeals*, 273 A.3d 43, 52 (Pa. Cmwlth. 2022) (emphasis omitted) (quoting *In re Nevling*, 907 A.2d 672, 674 (Pa. Cmwlth. 2006)). "Substantial evidence is evidence that a reasonable mind might accept as sufficient to support a conclusion." *Troiani Grp.*, 273 A.3d at 52 n.10.

> Section 12-913 of the Traffic Code provides, in relevant part:
>
> (1) Except when necessary to avoid conflict with other traffic or to protect the safety of any person or vehicle or in compliance with law or the directions of a police officer or official traffic-control device, **no person shall**:
>
> . . . .
>
> (b) Stand or **park a vehicle**:
>
> (.1) **In front of a** public or **private driveway**.

Phila., Pa. Traffic Code § 12-913 (2021) (emphasis added).[5]

Appellant argues that parking in front of a driveway is not a per se violation. *See* Appellant Br. at 4. Specifically, he asserts: "The driveway in which Appellant parked was a private driveway and thus the owner could grant permission to park in that area." Appellant Br. at 4. Appellant also contends that the trial court

---

*Adjudication*, 6 A.3d 1060, 1062 n.1 (Pa. Cmwlth. 2010); *see also* Section 754(b) of the Judicial Code, 2 Pa.C.S. § 754(b).

[5] *See* https://codelibrary.amlegal.com/codes/philadelphia (last visited July 15, 2024).

3

erred by ruling "that the abutting structure was a garage without any evidence presented that it was a garage." *Id*.

Section 12-807 of the Traffic Code provides, in relevant part:

> **The City shall not be required to submit any evidence other than the parking ticket** and information from a state department of motor vehicles identifying the owner of the vehicle. **Such documentation** in proper form (including without limitation any facsimile of the original parking ticket and the information from a state department of motor vehicles which has been transferred onto microfilm, computer tape or other form of data storage) **shall be considered prima facie evidence** that the registered owner of the vehicle was the person who committed the parking violation. **The participation of an attorney or other representative of the City shall not be required**.

Phila., Pa., Trafffic Code § 12-807 (2021) (emphasis added).

Here, the City submitted the parking ticket, which stated that Appellant's vehicle was blocking a driveway, *see* O.R. at 14, and a photograph of Appellant's license plate. *See* O.R. at 16. This documentation was prima facie evidence that Appellant blocked a driveway. In rebuttal, Appellant presented a photograph of the garage and a letter purportedly from the Property owners stating that the garage door was not operable. The BAA weighed the evidence and found that Appellant had not met his burden of proving that the ticket was not valid. Because the Traffic Code prohibits parking in front of a private driveway, it is irrelevant whether the Property owners used it as a garage or gave Appellant permission to park in front of their driveway. Accordingly, because substantial evidence supports the BAA's conclusion that Appellant violated Section 12-913 of the Traffic Code, the trial court properly upheld the BAA's determination and denied the appeal.

4

For all of the above reasons, the trial court's order is affirmed.

_____
ANNE E. COVEY, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In re: Appeal of Scott Hubbard  :
          : No. 366 C.D. 2023
Appeal of: Scott Hubbard   :

## O R D E R

AND NOW, this 16th day of July, 2024, the Philadelphia County Common Pleas Court's November 30, 2022 order (entered December 1, 2022) is affirmed.

_____
ANNE E. COVEY, Judge